UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CRAFTON MOORE, | )<br>) Case No.: 18-CV-00539<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| STATE FARM FIRE AND<br>CASUALTY COMPANY | )<br>) |
| Defendant. | ) |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Meissner Tierney Fisher & Nichols S.C., as and for an Answer to the Plaintiffs' Complaint, alleges and shows the Court as follows:

1. In answer to Paragraph 1, the Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the Plaintiff to his strict proof thereon.

2. In answer to Paragraph 2, the Defendant admits the same.

3. In answer to Paragraph 3, the Defendant admits that on March 4, 2017, State Farm originally had in effect a Rental Dwelling Policy – Special Form 3, policy number 99-B7-L135-6 (hereafter the "Policy"), but affirmatively alleges that said policy speaks for itself and denies any allegation or inference contained in Paragraph 3 inconsistent with said policy's terms, conditions, exclusions, and limitations. By way of further answer, and upon information and belief, Exhibit 1 appears to be a true and correct copy of the Policy.

4. In answer to Paragraph 4, the Defendant admits that the limits of liability for dwelling coverage afforded under the Policy was $151,000 but affirmatively alleges that said policy speaks for itself and denies any allegation or inference contained in Paragraph 4 inconsistent with said policy's terms, conditions, exclusions, and limitations. Defendant also denies the inference in the paragraph that the actual cash value of the property at the time of the fire was $151,000. The Defendant denies the remainder of the Paragraph except that it admits, upon information and belief, that Exhibit 2 is a true and correct copy of the first page of the Declarations page for the Policy.

5. In answer to Paragraph 5, the Defendant admits that the Policy provides coverage for loss of rent but affirmatively alleges that said policy speaks for itself and denies any allegation or inference contained in Paragraph 5 inconsistent with the policy's terms, conditions, exclusions, and limitations.

6. In answer to Paragraph 6, the Defendant admits that a fire occurred at the Property on or about March 4, 2017, but denies that said fire occurred without fault or design by Plaintiff. The Defendant admits that the Property sustained damage, but is without information sufficient to form a belief as to the truth of the allegation that the Property was rendered uninhabitable. Finally, upon information and belief, Defendant admits that Exhibit 3 is a true and correct copy of an Incident Report from the Milwaukee Police Department, Report # 170630028.

7. In answer to Paragraph 7, the Defendant is without information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same and puts the Plaintiff to his strict proof thereon.

8. In answer to Paragraph 8, upon information and belief, the Defendant admits the

same.

9. In answer to Paragraph 9, the Defendant denies the same.

10. In answer to Paragraph 10, the Defendant admits that it has denied coverage for the fire loss but denies that said denial was "[c]ontrary to the terms, conditions and limitations of coverage set forth in the Policy, and applicable law . . . ." The Defendant denies the inference contained in the Paragraph that State Farm denied Plaintiff's claim merely because "the fire loss purportedly was not accidental in nature" and affirmatively alleges that said denial was based on multiple reasons, including but not limited to the fact that (1) the policy only provides coverage for accidental direct physical loss; (2) the policy excludes coverage when an insured causes or procures a loss to property for the purpose of obtaining insurance benefits; and (3) Plaintiff made material misrepresentations and/or engaged in concealment and/or fraud during the course of the State Farm's investigation into said claim. The Defendant admits that State Farm, by certified letter, informed the Plaintiff that it was denying coverage on his claim on January 25, 2018 and affirmatively alleges that the letter, a true and correct copy of which is attached as Exhibit 4 to the Complaint, speaks for itself and denies any allegation or inference contained in Paragraph 10 inconsistent with said letter. As to the remainder of the allegations contained in Paragraph 10, the Defendant denies.

11. In answer to Paragraph 11, State Farm admits that it voided the insurance policy as of March 4, 2017 and affirmatively alleges that said cancellation was in accordance with the terms of the Policy and Wisconsin law. The Defendant also admits that voiding of said policy was done without Plaintiff's permission, consent or request but denies the inference that Plaintiff's permission, consent, or request was required. The Defendant admits that a true and correct copy of the refund check sent to Moore is attached s Exhibit 5 to the Complaint, and

affirmatively alleges that said check speaks for itself and denies any allegation or inference contained in Paragraph 11 inconsistent with the same.

12. In answer to Paragraph 12, the Defendant denies the same.

### FIRST CLAIM FOR RELIEF- BREACH OF CONTRACT

13. In answer to Paragraph 13, the Defendant re-alleges and incorporates by reference its answer to Paragraphs 1-12 above.

14. In answer to Paragraph 14, the Defendant admits that the Policy was originally in effect on the date of the fire loss and admits that it has denied Plaintiff's claim, but affirmatively alleges that said Policy was subject to the policy's terms, conditions, exclusions, and limitations and affirmatively alleges that the Policy did not provide coverage for the fire loss because, *inter alia*, (1) the policy only provides coverage for accidental direct physical loss; (2) the policy excludes coverage when an insured causes or procures a loss to property for the purpose of obtaining insurance benefits; and (3) Plaintiff made material misrepresentations and/or engaged in concealment and/or fraud during the course of the State Farm's investigation into said claim. Thus, the Defendant denies the remainder of the allegations contained in Paragraph 14.

15. In answer to Paragraph 15, upon information and belief, admit.

16. In answer to Paragraph 16, the Defendant denies the same affirmatively alleges that the Policy did not provide coverage for the fire loss because, *inter alia*, (1) the policy only provides coverage for accidental direct physical loss; (2) the policy excludes coverage when an insured causes or procures a loss to property for the purpose of obtaining insurance benefits; and (3) Plaintiff made material misrepresentations and/or engaged in concealment and/or fraud during the course of the State Farm's investigation into said claim.

17. In answer to Paragraph 17, the Defendant denies the same.

18. In answer to Paragraph 18, the Defendant denies the same.

## SECOND CLAIM FOR RELIEF- PROMISSORY ESTOPPEL

19. In answer to Paragraph 19, the Defendant re-alleges and incorporates by reference its answer to Paragraphs 1-18 above.

20. In answer to Paragraph 20, the Defendant denies the same.

21. In answer to Paragraph 21, the Defendant denies the same.

22. In answer to Paragraph 22, the Defendant denies the same.

23. In answer to Paragraph 23, the Defendant denies the same.

24. In answer to Paragraph 24, the Defendant denies the same.

## THIRD CLAIM FOR RELIEF- BAD FAITH

25. In answer to Paragraph 25, the Defendant re-alleges and incorporates by reference its answer to Paragraphs 1-24 above.

26. In answer to Paragraph 26, the Defendant admits only those duties imposed upon it by the language of the Policy and Wisconsin law and denies any allegation or inference contained in Paragraph 26, including all subparts, that State Farm failed to meet said duties.

27. In answer to Paragraph 27, the Defendant denies the same.

28. In answer to Paragraph 28, the Defendant denies the same.

29. In answer to Paragraph 29, the Defendant denies the same.

## **AFFIRMATIVE DEFENSES**

As and for separate and affirmative defenses, State Farm Fire and Casualty Company, by and through its attorneys, Meissner Tierney Fisher & Nichols S.C., allege and show the Court as follows.

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are, or may be, barred, in whole or in part, by the applicable statutes of limitations and or the limitations period contained in the Policy.

3. Plaintiffs' claims are, or may be, barred in whole or in part, by the doctrines of laches, estoppel, waiver, and/or unclean hands.

4. Plaintiffs' claims and/or damages are limited by contract.

5. Plaintiff has failed to mitigate his damages..

6. The property did not suffer an "accidental direct physical loss" as would be required for there to be coverage under the Policy.

7. Plaintiff caused or procured a loss to the property for the purpose of obtaining insurance benefits.

8. Plaintiff has failed to comply with his obligations/ recovery conditions under the Policy issued to him by State Farm, including but not limited to the making of material misrepresentations and/or engaging in concealment and/or fraud during the course of the State Farm investigation into said claim.

WHEREFORE, the Defendant demands judgment dismissing the Plaintiff's Complaint, together with all costs and disbursements of this action.

## JURY DEMAND

Defendant hereby demands a jury trial on all issues that may be heard by a jury.

Dated this 11th day of April, 2018.

             MEISSNER TIERNEY FISHER & NICHOLS S.C.

              s/Mark D. Malloy
              Mark D. Malloy
              State Bar No: 1035066
              mdm@mtfn.com
              Joshua J. Bryant
              State Bar No: 1095175
              jjb@mtfn.com
              **Attorneys for Defendant,**
              **State Farm Fire and Casualty Company**

**Mailing Address**:
111 E. Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202
Phone: 414-273-1300
Fax: 414-273-5840