TRIAL PROCEDURES

FOR MAGISTRATE JUDGE DAVID E. JONES

1. A trial day will ordinarily run from 9:00 a.m. to 4:30 p.m., with an hour lunch at noon and one short break in the morning and in the afternoon.

2. The Court will conduct voir dire, but will ask counsel to introduce themselves and their Fed. R. Evid. 615 party representatives.

3. Jurors may take notes during deliberations and will be provided a full copy of the trial transcript (excluding sidebars), if available, and the jury instructions for their deliberations.

4. Jurors will be permitted to ask questions of witnesses. After the lawyers' examination of a witness is complete, the jurors will be asked to submit to the Court in writing any questions they may have. The Court will consult with counsel and will then either pose the jury's questions to the witness or will advise the jury that the question is not permissible under the Rules of Evidence and the reasons therefor.

5. Jurors will be permitted to discuss the case among themselves during the course of trial, but will be admonished not to draw any final conclusions until final deliberations.

6. One lawyer per witness per side unless otherwise permitted by the Court. Separate lawyers may give the closing and rebuttal arguments. In multi-party

cases, the Court will address with counsel at the Final Pretrial Conference the manner in which examination will occur.

7. The Court encourages the practice of multiple lawyers taking an active part at trial, including the examination of witnesses and the arguing of motions. All lawyers appearing in the case need not be in attendance throughout the course of trial.

8. Depositions of party opponents (including senior officers of corporate parties) may be used in a party's case even if the party opponent is available. *See* Fed. R. Civ. P. 32(a)(1)(3).

9. Sidebars are discouraged. Evidentiary issues should be addressed during breaks or recesses before a witness testifies.

10. The exhibit list required under Fed. R. Civ. P. 26(a)(3) need not, but may, include materials that a party does not intend to offer into evidence, such as (i) demonstrative exhibits, (ii) materials that may be used to refresh recollection (such as an expert report) or (iii) deposition transcripts that may be used for impeachment. If such materials are included on an exhibit list, there will be a notation in the list indicating that the materials are not intended for admission. Additionally, the exhibit list need not, but may, include materials that a party will seek to use or have admitted through cross examination. Finally, a party must obtain leave of the Court to list more than 100 exhibits for admission. This limit applies to the combined expect to offer and may offer if the need arises list. This limit does not, however, apply to subparts of a voluminous exhibit, such as

specific office actions contained in a prosecution history or a particular document within an administrative record.

11. All objections to exhibits on the exhibit list must be made as part of the Final Pretrial Conference process or they will be waived, excepting only objections under Fed. R. Evid. 402 and 403. Otherwise, exhibits are deemed admitted when introduced through a witness in court, by deposition designation, or by stipulation.

12. Parties shall meet and confer regarding the disclosure of demonstrative exhibits and materials (such as PowerPoint slides) to be used in opening statements and witness direct examinations. Excerpts or blow-ups from a substantive exhibit need not be disclosed, assuming there is no remaining objection to the exhibit. Typically, disclosure of opening statement demonstratives and materials should take place no later than the day before trial begins, and disclosure of demonstratives and materials to be used on direct examination should take place no later than two days before a witness is expected to testify. All objections that cannot be resolved by counsel will be heard no later than 8:30 a.m. on the morning when the demonstrative is expected to be used.

13. Counsel shall meet and confer regarding the disclosure of witnesses expected to be called and the order in which they will appear. Typically, such disclosure should occur no later than two days before counsel expects a witness to testify.

14. Impeachment with videotaped deposition testimony should be rare. In most cases, the use of the written transcript is more than sufficient.

15. Pursuant to Fed. R. Evid. 611, the Court will allow latitude in the questioning of expert witnesses, including a relaxation of the rule against leading questions. Relaxation does not equal abolition, but the parties are encouraged to use PowerPoint presentations or other demonstrative devices that, while perhaps technically leading, will assist an expert witness in making a cogent presentation.

16. A trial is a formal process, and the formalities of address will be observed at all times. This includes the use of "Mr.," "Ms.," or "Dr." (where appropriate) and the practice of counsel addressing the Court and not each other.

17. Lawyers and their assistants may use mobile devises to communicate by email or text during trial. Discreetly. And with the sound off.

18. The parties in a jury trial need not submit before trial any trial briefs, pretrial statements, or proposed findings of fact unless otherwise ordered.

19. Trial will ordinarily not be bifurcated between liability and damages phases, but the Court may bifurcate upon the request of the parties.

20. The parties in a bench trial need not submit before trial any trial briefs, pretrial statements, or proposed findings of fact. At the conclusion of the evidence, the parties shall submit proposed findings of fact with citations to the trial record. In addition, the parties shall submit briefs setting forth their legal arguments, with citations to the parties' respective proposed findings of fact. The

Court will address the process and deadlines for these submissions at the conclusion of the evidence.

***Parties are free to seek leave to depart from, add to, or otherwise modify these procedures.

# DEPOSITION PRACTICE

# FOR MAGISTRATE JUDGE DAVID E. JONES

The following guidance is provided to counsel to assist them in understanding the Court's views on various issues that arise in depositions. The parties are free to discuss any desired deviations from or additions to this guidance during the Rule 16 conference or thereafter as discovery progresses.

1. *Place of deposition*

    The parties are free to negotiate where they will conduct depositions. If agreement cannot be reached, then the following will apply: All depositions, fact and expert, will take place at an appropriate location selected by the examining counsel.

2. *Copies of exhibits*

    Examining counsel must have at least three copies of each exhibit (unless the nature of the exhibit makes this impossible); one to be marked by the court reporter and used by the witness, one for defending counsel, and one for examining counsel, who should not try to use the witness's copy in framing questions. This three-copy rule applies to exhibits marked in prior depositions unless waived by defending counsel.

3. *Preparation questions*

    Examining counsel is entitled to an answer from the witness as to what the witness did generally to prepare for testimony, the identity of any

individuals (including lawyers) with whom the witness spoke, the length of time spent preparing, and other non-privileged areas of inquiry. Examining counsel is not entitled to ask a witness to identify all the documents that defending counsel used to prepare the witness, but Fed. R. Evid. 612 does require a witness to identify any documents that refreshed recollection for purposes of testifying, regardless of who provided the document to the witness. For witnesses testifying pursuant to Fed. R. Civ. P 30(b)(6), the Court construes Fed. R. Evid. 612 as encompassing materials or information that provide the bases for the witness's testimony.

4. *Objections to make*

    Counsel are to object as they would at trial in all respects, including form, frequency, and comportment of counsel. Stating "objection as to form" is minimally acceptable (even though it would not be permitted at trial), but the better practice is for defending counsel to use the terminology that would be used at trial. This makes for a cleaner record, assists those responsible for making and objecting to deposition designations, and allows counsel to practice their trial craft. The following (and there may be others) are all proper objections to be made at deposition and trial, though of course a deposition witness must still answer the objected-to question if able to do so unless an issue of privilege/protection applies:

    a. Vague/ambiguous (should not be overused)

b. Vague, timeframe (when the question seeks qualitative as opposed to quantitative information, such as whether an event occurred "recently" or "long ago")

c. Compound

d. Argumentative/harassment

e. Asked and answered/cumulative

f. Assumes facts not in evidence

g. Misstates testimony/the evidence

h. Foundation (in the sense of Fed. R. Evid. 602)

i. Hearsay, you may answer (Foundation may be the better objection at a deposition, but it is proper for counsel to make a hearsay objection as long as the witness is made to understand that hearsay testimony is acceptable at a deposition)

j. Calls for expert testimony/legal conclusion

k. Unintelligible

l. Calls for narrative

m. Attorney-client privilege/protected communication (the only objection that will justify an instruction not to answer)

n. Document speaks for itself

o. Completeness (in the sense of Fed. R. Evid. 106; should be followed with a reference to the materials that, in fairness, ought to be reviewed by the witness before answering)

3

p. Incomplete hypothetical

q. Beyond the scope (to be made only if and after the defending counsel asks the witness questions—in such a case, any further questioning by the examining counsel must be limited to the subjects inquired about by the defending counsel (which subjects are not themselves limited to the areas addressed in the deposition by the taking counsel))

5. *Objections not to make*

Counsel shall not object using the term "speculation." The proper objection in such an instance is likely "foundation." Objections as to relevance should be rare, though an objection that a question is beyond the scope of a Rule 30(b)(6) topic is appropriate. Similarly, a leading objection is rarely appropriate, but it may be correct if used during deposition of a third party. If an objection takes more than four or five words to utter (none of the examples in paragraph 4 above did), then the objection is likely improper. Coaching will not be tolerated.

6. *Professionalism*

Counsel are to treat each other and the witness as if at trial; that is, with courtesy and respect. For example, counsel should avoid using first names with opposing counsel and the witness and instead use the appropriate honorific and last name. Firm questioning is certainly permissible, but it must remain respectful. Witnesses may ask for a break at any time except during the pendency of a question (unless the question

4

triggers a privilege/protection issue). Of course, the seven-hour rule encompasses testimony-time only, not break time, and breaks should not ordinarily take more than five or ten minutes.

7. *Conduct during breaks*

Defending counsel are free to talk to witnesses during breaks about anything except the substance of the witness's testimony. During a break, defending counsel may give a deposition witness a general reminder to keep answers concise, to slow down and keep calm, to permit the examining counsel to finish a question before answering, and to listen carefully to the question, but no more. *NB*: counsel's discussions with a witness during break are not privileged or protected from disclosure. Upon returning from a break, examining counsel is entitled to inquire whether the witness discussed the substance of testimony during the break, and if so, the details of what was discussed.

8. *Irreconcilable differences*

If counsel have reached a point of contention that, unless resolved, will jeopardize the continuation of the deposition in a professional manner, then counsel should call the Court and have the issue resolved on the record. Counsel should keep handy the telephone numbers for Courtroom Deputies Katina Hubacz (414.297.1200) and Tony Byal (414.297.3373), who will assist in promptly setting up a call. If counsel cannot reach one of the Courtroom Deputies, counsel should call my chambers directly at 414.290.2261.

5

Case Management and Scheduling Guidance

For Litigants Appearing Before Magistrate Judge David E. Jones

The following provides general guidance to counsel on how the Court typically manages and schedules matters. This is guidance, not a dictate, and counsel have an opportunity through their Fed. R. Civ. P. 26(f) Reports, the Fed. R. Civ. P. 16 Conference or by otherwise contacting the Court to fashion schedules or to establish procedures that best meet their needs, the needs of their clients, and the purposes of Fed. R. Civ. P. 1. Finally, counsel are advised to review the Court's Trial Procedures and Deposition Practices, which can be found on the Court's webpage: (http://www.wied.uscourts.gov/judges/david-e-jones).

| **General** | **Applies to Civil and Criminal Cases** |
|---|---|
| Contact Information | Office hours: 8:30 a.m. to 5:00 p.m., Monday through Friday<br><br>Chambers group telephone line: 414.290.2261<br><br>Eastern District of Wisconsin Clerk's Office telephone number: 414.297.3372<br><br>Law Clerk Jeremy Heacox: 414.290.2261<br>Law Clerk Elise Libbey: 414.290.2261<br><br>Courtroom Deputy Katina Hubacz (Ms. Hubacz is responsible for all matters in which the case number ends in an even number): 414.297.1200; Katina_Hubacz@wied.uscourts.gov<br><br>Courtroom Deputy Tony Byal (Mr. Byal is responsible for all matters in which the case number ends in an odd number): 414.297.3373; Tony_Byal@wied.uscourts.gov<br><br>E-mail address for uploading proposed orders: JonesPO@wied.uscourts.gov<br><br>Eastern District of Wisconsin website: www.wied.uscourts.gov |
| Form of Pleadings | A. Please be aware that our District provides specific guidance regarding the form and format for pleadings and other submissions, Gen. L.R. 5, which can be found here: http://www.wied.uscourts.gov/local-rules-and-orders.<br><br>B. The Seventh Circuit's webpage has an informative section providing useful general guidance on form, typography, |

1

|  | font, and punctuation, which can be found here: https://www.ca7.uscourts.gov/Rules/type.pdf |
|---|---|
|  | C. Citation to docket entries should be done as follows: (ECF No. __) (you may also delete the parantheses). For example, if you want to cite to the third page of an Order that appears in the docket as No. 31, you may use this form: (ECF No. 31, p. 3). |
|  | D. Citations to transcripts should be done as follows: Jones Dep. 112:2-14 (no need to do Jones Dep. p. 112, ll. 2-14) |
|  | E. Citations to patents should be done as follows: '141 Patent 10:5-9 (no need to do '141 Patent col. 10, ll. 5-9) |
| Electronic Court Filings (ECF) | A. *Motions*: The ECF event "Motion" should be used any time a party seeks any relief from a judge, as opposed to the Clerk. This includes joint or agreed upon motions when parties mutually seek relief or when the relief sought is unopposed. If you want the Court to do something, use the "Motion" event; please do not send letters. |
|  | B. *Letters*: The ECF event "Letter" should be reserved for filings that do not include a request for relief (for example, responding to a deputy clerk's request for the status of a case or informing me that a reply brief will not be filed). |
|  | C. *Requests*: The ECF event "Request" should be reserved for requests for action from the Clerk of Court and should not be used for any request for relief by the judge. |
|  | D. *Stipulation*: The ECF event "Stipulation" (which is separate from the event "Stipulation of Dismissal") should be used for an agreement of the parties only when no relief from a court is sought. |
|  | E. *Attachments*: Care should be taken to name electronically filed attachments. Rather than simply naming an exhibit "Attachment 1," please use a descriptive title such as "Ex. A – 2015 Laundry List." |
| Courtesy Copies of ECF Filings | It is not necessary to submit paper copies of ECF-filed documents. |
| Courtesy Copies of Unpublished Decisions | Counsel need not submit or file copies of unpublished decisions as long as those decisions include a Westlaw or Lexis citation. |
| Oral Argument | The Court will look favorably on requests for a hearing. |

| | |
|---|---|
| Motions for Extensions/to Change Deadlines | A. Counsel seeking to change a deadline or otherwise obtain an extension of time should consult with the other side and advise the Court whether there is any objection to the request.<br><br>B. Most requests of this type should be made by teleconference with a Courtroom Deputy. Accordingly, if defendant wants an extension to which plaintiff does not object, defense counsel should contact one of the Courtroom Deputies and ask directly for the extension. The request will be conveyed to me, and I will promptly respond through an ECF text order.<br><br>C. If there is an objection, the parties shall jointly contact a Courtroom Deputy to schedule a telephonic or in-person hearing to resolve the matter. Ordinarily, no papers need be filed in support of or in opposition to the request. |
| Motions to Strike | These are disfavored and shall be filed only in extraordinary circumstances. Ordinarily, if a party does not like a motion or filing, they should file an opposition, not a motion to strike. |
| Protective Orders and Documents Filed Under Seal/Motions to Seal | A. Proposed protective orders shall not contain language giving the parties advance permission to file documents under seal. No document treated as confidential under a protective order may be filed under seal unless the Court, on separate motion for good cause shown, grants leave to file under seal.<br><br>B. Proposed protective orders should contain the following language: "The parties understand that they must comply with General L.R. 79(d) before the Court will seal any material or information filed with the Court. Nothing contained herein affects the Court's discretion in determining whether filed information will be sealed."<br><br>C. The Seventh Circuit has made it clear that any request for filing under seal be limited to the smallest portion of the document that requires sealing. In other words, the confidentiality of matters in one exhibit or on a few pages of a lengthy brief will not justify the sealing of other exhibits or the entire brief. *See* General L.R. 79(d) and Committee Comment. Redactions will be kept to the absolute minimum to preserve confidentiality. |

3

| | |
|---|---|
| **Civil** | |
| Motions to Amend Pleadings | A. To satisfy Civil L.R. 15(b), counsel seeking to amend a pleading must submit a red-lined version showing the changes sought along with the clean version to be filed.<br><br>B. Counsel moving to amend a pleading after the deadline for doing so has expired must contact opposing counsel to determine if there is any objection and so state in the motion. If there is objection, then the parties shall jointly contact a Courtroom Deputy to schedule a hearing, at which I will rule on the amendment. A red-lined copy and a clean copy of the amended pleading must be filed as attachments to the Motion. No other papers in support of or in opposition to shall be filed. |
| Oral Argument for Discovery and Dispositive Motions | A. For discovery motions in civil cases, I will typically require parties, after meeting and conferring has failed, to contact a Courtroom Deputy, with both parties on the line, to set up a telephonic or in-person pre-motion conference prior to filing any papers.<br><br>B. At the pre-motion conference, I will either resolve the dispute or will direct the parties to engage in focused briefing. I will then resolve the dispute based on the briefing, usually without a further hearing unless requested by the parties.<br><br>C. For dispositive motions, both parties shall jointly contact a Courtroom Deputy a week after briefing has been completed either to schedule an oral argument date or to advise the Court that oral argument is not requested.<br><br>D. If requested, oral argument will typically be 60 to 90 days after the motion has been completely briefed. I will try to issue an Order resolving the Motion shortly after the hearing. In some cases, I will issue an Order with an Opinion to follow. |
| Motions for Reconsideration | These should be rare and must identify which element of Rule 60(b) entitles the party to relief. I do not view Fed. R. Civ. P. 59(e) as support or authority for a Motion for Reconsideration. |

| | |
|---|---|
| Expedited Motions under Civil L.R. 7(h) | Non-dispositive matters that require expedited attention shall be handled in the same manner as discovery disputes. Instead of filing a motion, the parties may jointly contact a Courtroom Deputy or my chambers directly to schedule an in-person or telephonic conference, at which I will resolve the matter or request briefing consistent with the requirements of Civil L.R. 7(h). If I request briefing, the Court will contact the parties if it determines that an additional hearing is necessary. |
| Case Time Frames/Length to Trial | A. Non-complex commercial matters will usually be scheduled for trial approximately twelve to fourteen months after the Complaint is served.<br><br>B. Class actions and complex matters (e.g., patent or antitrust) will usually be scheduled for trial approximately fifteen to eighteen months after the Complaint is first served and will typically have dispositive motions due no later than six months before Rule 26(a)(3) materials are due.<br><br>C. Inmate conditions of confinement cases will be scheduled for trial approximately fourteen months after service of the Complaint. |
| Rule 16 Conferences | A. A Rule 16 Conference will typically be scheduled between thirty to sixty days after all parties have consented to jurisdiction before a Magistrate Judge. Accordingly, a Rule 16 Conference may be scheduled before a responsive pleading is due.<br><br>B. If the Rule 16 Conference takes place before a responsive pleading has been filed, counsel should be prepared to address whether there is going to be a responsive pleading or, instead, a motion to dismiss. If the latter, counsel should be prepared to address whether the motion to dismiss pertains to something that can be cured.<br><br>C. Counsel are encouraged to raise any issues or questions they may have with the guidance contained herein, with the Deposition Practices or with the Court's Trial Procedures, all of which can be found here: http://www.wied.uscourts.gov/judges/david-e-jones.<br><br>D. The following additional items will be addressed at the conference:<br><br>    a. Whether the parties wish to have entered a Fed. R. |

|   |   |
|---|---|
|   | Evid. 502(d) Order.<br><br>b. Whether a time should be set after which an ECF filing will be considered filed the next calendar day.<br><br>c. Setting of a trial date, which should be proposed in the Rule 26(f) Report.<br><br>d. Whether the parties want to deviate from the page limits established by Civ. L.R. 7(f) & 56(b)(8). Such deviations may include substituting word limits in lieu of page limits (e.g., 8,000 words for principal briefs/4,000 words for replies), a practice encouraged by this Court.<br><br>e. Willingness of the parties to mediate their dispute.<br><br>f. The necessity of litigation holds (these are notices provided by counsel to their clients about the existence of the litigation and the need not to destroy discoverable materials).<br><br>g. Counsel are advised that discovery may be served before the Rule 16 conference and are encouraged to do so in appropriate cases, as issues arising from such discovery requests can be addressed at the Rule 16 conference.<br><br>h. Any other matters that counsel would like to address. |
| Timelines and Guidance for Preparing Rule 26(f) Report Case Schedule | A. Trial dates should be scheduled to begin on a Monday. The trial may not actually start that day due to demands on the jury pool for other trials, but please default to a Monday unless there are reasons to do otherwise.<br><br>B. The Final Pretrial Conference is typically scheduled on a Thursday or Friday at least a week or two before trial. The Final Pretrial Conference will typically start at 9:00 a.m. and will be used to resolve all objections to exhibits and witnesses and all motions in limine.<br><br>C. Rule 26(a)(3) materials (witness list, exhibit list, and deposition designations), proposed voir dire, motions in limine, jury instructions, and verdict forms should be filed approximately four weeks before the Final Pretrial Conference. To the extent possible, parties should use the Federal Civil Jury Instructions of the Seventh Circuit, |

6

|   |   |
|---|---|
|   | found here: https://www.ca7.uscourts.gov/Pattern_Jury_Instr/7th_cir_civil_instructions.pdf  D. Objections to witnesses or exhibits, objections or counters to deposition designations, objections to proposed voir dire or jury instructions or verdict forms, and oppositions to motions in limine should be filed approximately two weeks before the Final Pretrial Conference.  E. As indicated above, dispositive motions should be scheduled at least five and preferably six months before Rule 26(a)(3) materials are due. A week after briefing on the dispositive motion is completed, the parties shall jointly contact a Courtroom Deputy to schedule an oral argument on the motion. This oral argument will typically be set two or three months after briefing is complete.  F. The parties do not need to include expert disclosure dates. Those dates can be negotiated by counsel without my involvement. Any dates agreed to by counsel are enforceable, but counsel are free to agree to change expert disclosure dates without judicial involvement.  G. If the matter is a class action, the parties should include dates for class certification briefing. Typically, certification is ready to be briefed approximately two to four months after the Answer is filed.  H. The parties are free to close discovery before or after dispositive motions are due. If after, parties are advised to close discovery before submission of Rule 26(a)(3) materials. |
| Settlements: Retention of Jurisdiction | The Court cannot retain jurisdiction for purposes of enforcing a settlement if the parties have dismissed with prejudice. *See Dupuy v. McEwen*, 495 F.3d 807, 809-10 (7th Cir. 2007). |
| General Guidance on Flexibility with Dates | A. Trial dates are firm. I will not move a trial date, even if the parties stipulate to an adjournment or even if the parties are close to settling, absent extraordinary circumstances.  B. All other internal case dates are flexible, as long as the schedule provides for a period of five to six months between the submission of dispositive motions and the submission of Fed. R. Civ. P. 26(a)(3) materials. These latter submissions are burdensome on the parties, and I want to make sure I have time to rule on any dispositive motion before the parties have to undertake the effort of preparing them. |

7

| Patent Cases | A. Parties are free to establish in their Rule 26(f) Reports any set of procedures and deadlines that they feel will prepare the case for resolution. I recommend that the parties consider, though they need not adopt, the patent rules established in the N.D. Ill., which can be found here: http://www.ilnd.uscourts.gov/LocalRules.aspx?rtab=patentrules. |
|---|---|
| | B. If the parties have a special need for an early claim construction, they should jointly contact a Courtroom Deputy to schedule an in-person or telephonic conference with me. No papers in support of or in opposition to an earlier claim construction hearing need be filed. |
| | C. The parties are required to establish dates for exchange of general claim charts showing infringement, key claim terms, and proposed claim constructions. The parties may also establish deadlines for other procedures that, in their experience, further the interests of Fed. R. Civ. P. 1. These dates and procedures may be, but need not be, included in the parties' Rule 26(f) Report. |
| | D. The Court does not typically require, and in fact discourages the parties from requiring, the exchange of detailed infringement or invalidity charts at any time before expert reports are due. Such charts are commonly included in expert reports and there is therefore no point in prematurely preparing this material. |
| | E. At the Rule 16 Conference, the parties should be prepared to address whether limits should placed on the number of patent claims or of prior art references that may be asserted. |

| | |
|---|---|
| **Criminal** | |
| Motions Pertaining to Release or Detention | A. Prior to the filing of a plea agreement or an adjudication of guilt (whichever occurs first), all motions pertaining to release or detention (e.g., motions for reduction of bail, modifications of conditions of release, travel requests, and reconsideration of detention orders) shall be addressed to the magistrate judge who set the conditions of release or issued the order of detention.<br><br>B. Any motion or response pertaining to release or detention to should be emailed to JonesPO@wied.uscourts.gov in addition to being electronically filed.<br><br>C. Prior to filing any motion pertaining to conditions of release (including motions to travel), defense counsel should consult with the Pretrial Services officer supervising the defendant and the Assistant United States Attorney assigned to the case so that I can know if there is any objection to the requested relief.<br><br>D. Every request for court action regarding detention or the conditions of release must be made by way of a "Motion" and not, for example, by a "Letter" or "Request."<br><br>E. To ensure prompt attention from the Court regarding a motion to travel for defendants on conditions of release, counsel are advised to call Chambers to ensure that we are aware of the motion. Counsel should also be prepared to advise whether there is any objection to the proposed travel from the U.S. Attorney's Office or from Pretrial Services.<br><br>F. After a plea agreement has been filed or an adjudication of guilt (whichever comes first), all motions pertaining to release or detention must be addressed to the U.S. District Judge assigned to the case. |
| Motions to Adjourn or Change the Trial Date | All motions pertaining to the trial date must be filed with the U.S. District Judge who will try the case and cannot be heard or resolved by me. |
| Criminal Evidentiary Hearings | A. In accordance with Criminal Local Rule 12(c), defense counsel filing any pretrial motion wherein an evidentiary hearing is requested must consult with the assigned Assistant United States Attorney as to whether the parties agree that an evidentiary hearing is necessary. |

|   |   |
|---|---|
|   | B. Criminal Local Rule 12(c) requires both that this consultation occur sufficiently in advance of the filing of the motion to provide the prosecutor sufficient time to meaningfully evaluate the need for a hearing and that the prosecutor will evaluate the need for a hearing prior to the filing of the motion. It is generally not appropriate for a prosecutor to attempt to reserve an opinion as to the need for an evidentiary hearing until after reviewing the filed motion; Rule 12(c) contemplates that this evaluation occur before the motion is filed. |
|   | C. Consistent with the informal agreement between this district's magistrate judges and the United States Attorney's Office as to timing under Crim. L.R. 12(c), any response to a request for an evidentiary hearing must be filed within 3 calendar days. Therefore, if a motion requesting an evidentiary hearing is filed on Wednesday, Thursday, or Friday, the prosecutor's response, if any, is due no later than the following Monday. When a motion is filed on a Thursday or Friday, I will generally look favorably on requests by the A.U.S.A. to file a response the following Tuesday or Wednesday. |
|   | D. If the request for an evidentiary hearing is granted, then the pretrial motions briefing schedule will be suspended, and a new briefing schedule will be set at the conclusion of the evidentiary hearing. |