UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CRAFTON MOORE, | ) |
| | ) Case No.: 18-CV-00539 |
| Plaintiff, | ) |
| v. | ) |
| STATE FARM FIRE AND CASUALTY COMPANY | ) |
| Defendant. | ) |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S PROPOSED JURY INSTRUCTIONS**

State Farm Fire and Casualty Company ("State Farm") submits these proposed jury instructions and requests that the Court instruct the jury on the law contained in these instructions. State Farm respectfully reserves the right to supplement, withdraw or modify these requests depending upon the evidence presented, the arguments of counsel, and the requests for instructions, if any, filed by Crafton Moore.

| FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT ||
|---|---|
| **INSTRUCTION NUMBER** | **INSTRUCTION NAME** |
| 1.01 | Functions of the Court and the Jury |
| 1.02 | No Inference from Judge's Questions |
| 1.03 | All Litigants Equal Before the Law |
| 1.04 | Evidence |
| 1.05 | Deposition Testimony |

| | |
|---|---|
| 1.06 | What is not Evidence |
| 1.07 | Note-Taking |
| 1.08 | Consideration of All Evidence Regardless of who Produced |
| 1.09 | Limited Purpose of Evidence |
| 1.11 | Weighing the Evidence |
| 1.12 | Definition of "Direct" and "Circumstantial" Evidence |
| 1.13 | Testimony of Witnesses (Deciding What to Believe) |
| 1.14 | Prior Inconsistent Statements [or Acts] |
| 1.15 | Impeachment of Witness -- Convictions |
| 1.16 | Lawyer Interviewing Witness |
| 1.17 | Number of Witnesses |
| 1.18 | Absence of Evidence |
| 1.19 | Adverse Inference from Missing Witness |
| 1.21 | Expert Witnesses |
| 1.24 | Demonstrative Exhibits |
| 1.27 | Burden of Proof |
| 1.31 | No Need to Consider Damages Instruction |
| 1.32 | Selection of Presiding Juror; General Verdict |
| 1.33 | Communication with Court |
| 1.34 | Disagreement Among Jurors |
| 2.01 | Cautionary Instruction Before Recess |
| 2.02 | In-Trial Instruction on New Coverage |
| 2.04 | Stipulate Testimony |

| 2.05 | Stipulations of Fact |
| --- | --- |
| 2.06 | Judicial Notice |
| 2.07 | Transcript of Recording |
| 2.08 | Deposition as Substantive Evidence |
| 2.09 | Use of Interrogatories (To be Used Only When Interrogatories are Read Without Admission Into Evidence) |
| 2.10 | Cross-Examination of Character Witness |
| 2.11 | Impeachment by Conviction of Crime |
| 2.14 | Judge's Comments to Lawyer |
|  | Sample Preliminary Instructions |

| WIS JI-CIVIL JURY INSTRUCTIONS | |
| --- | --- |
| 1700 | Damages General |
| 1731 | Damages: Duty to Mitigate: Negligence or Breach of Contract |
| 3053 | Breach of Contract |

(DRAFTED): ACCIDENTAL DIRECT PHYSICAL LOSS

Question one in the special verdict asks whether the March 4, 2017 fire was accidental direct physical loss. An accident is defined as an unexpected, undesirable event, or an unforeseen incident which is characterized by a lack of intention or an event which takes place without one's foresight or expectation. To be an accident, the March 4, 2017 fire must be unexpected and unforeseen from Crafton Moore's standpoint.

(DRAFTED): INTENTIONAL ACTS

Question two in the special verdict asks whether Crafton Moore expected or intended to cause or bring about a fire on March 4, 2017. For a person's conduct to be intentional, you must find that he behaved as he did for the purpose of causing harm to property located at 3543 N. 13th Street, Milwaukee, Wisconsin. The intent to cause harm to property may be inferred where harm to property is substantially certain to result from a person's intentional conduct. Accordingly, to find that a person acted intentionally, you must find that he intended the consequences of his acts or believed that such consequences were substantially certain to follow from his actions.

(DRAFTED): CONCEALMENT OR FRAUD

Question three in the special verdict asks whether Crafton Moore intentionally concealed or misrepresented any material fact or circumstance related to the March 4, 2017 Fire. To constitute intentional concealment or misrepresentation there must be a false statement relating to a present or past statement of facts. A statement is false if it states as fact or truth that which is known by the person making the statement to be false. When a misrepresentation as to the cause of loss is made by a person who has the knowledge of its falsity for the purpose of having the insurer act thereon, the law infers that it was done for the purpose of misleading or deceiving the insurer. However, the willful misrepresentation or false swearing need not actually mislead or defraud State Farm Fire and Casualty Company for you to find the presence of intentional concealment, misrepresentation or fraud.

Dated this 14th day of January 2020.

                      MEISSNER TIERNEY FISHER & NICHOLS S.C.

                      s/Mark D. Malloy

**Mailing Address**:
111 E. Kilbourn Ave., 19th Fl.
Milwaukee, WI 53202
Phone: 414-273-1300
Fax: 414-273-5840

Mark D. Malloy
State Bar No: 1035066
mdm@mtfn.com
April K. Toy
State Bar No: 1068416
akt@mtfn.com
**Attorneys for Defendant,**
**State Farm Fire and Casualty Company**