# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

CRAFTON MOORE

       Plaintiff,

   v.

STATE FARM FIRE AND
CASUALTY COMPANY,

       Defendant.

Case No.: 18-CV-00539

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff Crafton Moore, by his counsel, Cade Law Group LLC, files this motion in limine, as follows:

**Motion in Limine – Number 1**

Plaintiff Moore seeks to limit evidence of his prior criminal convictions. Moore was convicted, as of April 15, 1993, of one count of selling narcotics.

He subsequently was convicted, as of March 24, 2004 of a violation of Wis. Stat. § 941.29(2) (possession of a firearm by a felon) and Wis. Stat. § 961.41(1m)(cm)(1)(possession with intent to distribute – cocaine). As a result of the conviction, Moore received a sentence of six years of initial confinement and four years of extended supervision. He also received credit of 386 days for time served.

Pursuant to FRE 609(b)(1), the prior convictions are inadmissible, because ". . . more than 10 years have passed since the Witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if: (1) Its probative value, supported by specific facts and circumstances, substantially

outweighs its prejudicial effect; . . . ." Here, both Mr. Moore's first and second convictions are more than ten years old from the time period he has been released from confinement. In addition, the probative value of the convictions are not outweighed by their prejudicial effect.

But, even if the Court was inclined to potentially allow the convictions into evidence, the Seventh Circuit has identified a five-part test in criminal cases "to guide the district court in the exercise of its discretion in determining whether the probative value of a conviction outweighs its prejudicial effect. Specifically, the Court must determine:

(1) the impeachment value of the prior crime;
(2) the point in time of the conviction and the witness's subsequent history;
(3) the similarity between the past crime and the charged crime;
(4) the importance of the defendant's testimony; and,
(5) the centrality of the credibility issue."

*United States v. Montgomery,* 390 F.3d 1013, 1015 (7th Cir. 2004). "While not all of those factors will apply in civil cases, the same general concerns may illuminate the court's analysis." *Anderson v. City of Chicago,* 2010 WL 4928875, at *2–3 (N.D. Ill. Nov. 30, 2010). The Seventh Circuit specifically has cautioned courts to make sure that ". . . . [a] plaintiff's criminal past is not used to unfairly prejudice him or her." *Gora v. Costa,* 971 F.2d 1325, 1331 (7th Cir. 1992). Here, the Court should limit information about the additional convictions to reduce the risk of prejudice to Plaintiff given the nature of his convictions. *See Schmude v. Tricam Indus., Inc.*, 556 F.3d 624, 627 (7th Cir. 2009).

If the Court is inclined to allow the jury to hear evidence of his prior conviction, Defendant's impeachment of Plaintiff should be limited to the fact that Plaintiff is a
2

convicted felon. The Court also should provide a limiting instruction to the jury explaining the proper use of prior convictions for impeachment at trial. *See* Seventh Circuit Pattern Civil Jury Instructions 1.15 ("You have heard evidence that [Name] has been convicted of a crime. You may consider this evidence only in deciding whether [Name's] testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.").

Rule 403 provides that a court "may exclude" relevant evidence if its probative value is "substantially outweighed" by the danger of unfair prejudice. None of the current crimes involve dishonesty, and allowing evidence or impeachment as to the other crimes will prejudice Crafton Moore.

**Motion in Limine – Number 2**

Plaintiff seeks to exclude all non-parties from being in the courtroom until called upon to testify.

**Motion in Limine – Number 3**

Plaintiff seeks to bar the introduction of any deposition transcript of any witness who is available to testify and within the subpoena power of the Court.

**Motion in Limine – Number 4**

Plaintiff seeks to bar the introduction of his tax returns. State Farm did not require Mr. Moore's tax returns in providing him insurance, nor was it a basis of the decision to insure him or his property. The sole basis for the introduction of the tax returns is to suggest to a jury that damages awarded to Mr. Moore might be considered a "windfall", and thus impermissible under FRE 403.

Dated this 14th day of January, 2020.

                    **CADE LAW GROUP LLC**

                  By: <u>s/Nathaniel Cade, Jr.</u>
                       Nathaniel Cade, Jr.
                       P.O. Box 170887
                       Milwaukee, WI 53217
                       (414) 255-3802 (phone)
                       (414) 255-3804 (fax)
                       nate@cade-law.com

                       Attorneys for Plaintiff, Crafton Moore