**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

CRAFTON MOORE

              Plaintiff,

      v.

STATE FARM FIRE AND
CASUALTY COMPANY,

              Defendant.

Case No.: 18-CV-00539

**JURY INSTRUCTIONS**

# FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Proposed Jury Instruction No. 1.
Source:  Seventh Circuit Pattern Civil Jury Instruction 1.01
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that [certain facts are true or that a person would have given certain testimony.

In addition, I have taken judicial notice of certain facts. You must accept those facts as proved.

Plaintiff's Proposed Jury Instruction No. 2
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.04
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by presentment of the video deposition of Lilliam Grandy. You should give this testimony the same consideration you would give it had the witness[es] appeared and testified here in court.

Plaintiff's Proposed Jury Instruction No. 3
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.05
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you: First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Proposed Jury Instruction No. 4
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.06
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**NOTE-TAKING**

      Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony

Plaintiff's Proposed Jury Instruction No. 5
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.07
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Proposed Jury Instruction No. 6
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.08
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Proposed Jury Instruction No. 7
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.09
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Proposed Jury Instruction No. 8
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.11
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true. As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence

Plaintiff's Proposed Jury Instruction No. 9
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.12
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence; - the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Proposed Jury Instruction No. 10
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.13
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**PRIOR INCONSISTENT STATEMENTS OR ACTS**

You may consider statements given by a Party or Witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner, that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Proposed Jury Instruction No. 11
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.14
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's Proposed Jury Instruction No. 12
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.17
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Plaintiff's Proposed Jury Instruction No. 13
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.18
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**EXPERT WITNESSES**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's Proposed Jury Instruction No. 14
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.21
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Plaintiff's Proposed Jury Instruction No. 15
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.24
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Proposed Jury Instruction No. 16
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.27
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**NO NEED TO CONSIDER DAMAGES INSTRUCTION**

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Plaintiff's Proposed Jury Instruction No. 17
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.31
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. [Forms of verdict read.] (Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.) OR (Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.)

Plaintiff's Proposed Jury Instruction No. 18
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.32
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict. All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Plaintiff's Proposed Jury Instruction No. 19
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 1.34
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify. [Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Plaintiff's Proposed Jury Instruction No. 20
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.08
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**USE OF INTERROGATORIES**
**(TO BE USED ONLY WHEN INTERROGATORIES ARE READ WITHOUT ADMISSION INTO EVIDENCE)**

Evidence **may** be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions. You must give the answers the same consideration as if the answers were made from the witness stand.

Plaintiff's Proposed Jury Instruction No. 21
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.09
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Plaintiff's Proposed Jury Instruction No. 22
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 2.14
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**BREACH OF CONTRACT**

A party to a contract breaches it when performance of a duty under the contract is due and the party fails to perform. Failing to perform a duty under the contract includes defectively performing as well as not performing at all.

Plaintiff's Proposed Jury Instruction No. 23
Source: Adapted from Wisconsin Pattern Civil Jury Instruction 3053
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**BAD FAITH BY INSURANCE COMPANY: ASSURED'S CLAIM**

To prove bad faith against State Farm Fire & Casualty Company, Crafton Moore must establish that there was no reasonable basis for the insurance company's denying Crafton Moore's claim for benefits under his policy and that State Farm Fire & Casualty Compan), in denying the claim, either knew or recklessly failed to ascertain that the claim should have been paid.

Bad faith on the part of an insurance company towards its insured is the absence of honest, intelligent action or consideration of its insured's claim.

Bad faith exists if, upon an examination of the facts found by you, you are able to conclude that State Farm Fire & Casualty Company had no reasonable basis for denying Crafton Moore's claim.

In answering this question, you may consider whether Crafton Moore's claim was properly investigated and whether the results of the investigation were given a reasonable evaluation and review. If you find that State Farm Fire & Casualty Company either refused to consider Crafton Moore's claim for damages, made no investigation, or conducted its investigation in such a way as to prevent it from learning the true facts upon which Crafton Moore's claim is based, the insurance company can be found to have exercised bad faith. This is because you may infer from these facts a reckless disregard on the insurance company's part to learn that there was no reasonable basis for it to deny Crafton Moore's claim.

If, on the other hand, you find that the insurance company, after conducting a thorough investigation of the facts and circumstances giving rise to the Crafton Moore's claim, reasonably concluded that the claim is debatable or questionable, then there is no bad faith even though it refused to pay the claim.

Plaintiff's Proposed Jury Instruction No. 24
Source: Adapted from Wisconsin Pattern Civil Jury Instruction 2761
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## DAMAGES: COMPENSATORY

If you find in favor of Crafton Moore on his claim of breach of the insurance contract, then you must determine the amount of money that will fairly compensate Crafton Moore for the damages he has suffered.

The Court has inserted a damage amount for the insurance contract. This does not mean that the Court is telling or suggesting that State Farm Fire & Casualty Company has breached the contract. Instead, if you determine that a breach did occur, the Court is inserting the exact amount of the insurance contract. It remains up to you to determine any other damages that Crafton Moore has suffered, if you first find a breach of the insurance contract has occurred.

Plaintiff's Proposed Jury Instruction No. 25
Source: Adapted from Seventh Circuit Pattern Civil Jury Instruction 7.26 (modified)
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

## CONSEQUENTIAL DAMAGES FOR BREACH OF CONTRACT

The law provides that a person who has been damaged by a breach of contract shall be fairly and reasonably compensated for his or her loss. In determining the damages, if any, you will allow an amount that will reasonably compensate the injured person for all losses that are the natural and probable results of the breach.

Plaintiff's Proposed Jury Instruction No. 26
Source: Adapted from Wisconsin Pattern Civil Jury Instruction 3710
_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to