UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CRAFTON MOORE

    Plaintiff,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.

Case No.: 18-CV-00539

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE

Plaintiff Crafton Moore, by his counsel, Cade Law Group LLC, files this response to Defendant State Farm's motions in limine, as follows:

### Motion in Limine – Number 1 – Promissory Estoppel

Plaintiff has no objection to this Motion in limine.

### Motion in Limine – Number 2 – Evidence of Lillian Grandy's Criminal Charges

Plaintiff has no objection to this Motion in limine. Plaintiff agrees that the Court should not allow the introduction of Ms. Grandy's criminal history or current criminal charges for the same reasons that this Court should not allow evidence of Crafton Moore's prior convictions.

### Motion in Limine – Number 3 – Preclusion of Jennifer Williamss Recorded Statement to State Farm

Jennifer Williams gave a recorded statement on March 29, 2017, or 25 days after the fire, to John Perrault of State Farm. Affidavit of April K. Toy, dated January 14, 2020,

at Ex. 5. Ms. Williams did not give the recorded statement to Plaintiff Moore or his attorney; she gave the statement to an investigator with State Farm.

State Farm alleges that the recorded statement by Ms. Williams, to State Farm, knowing that it was being recorded and could be used in a court of law, is hearsay. State Farm is incorrect. Ms. Williams' statements constitute a record of a regularly conducted activity under FRE 803(6), and as such, the statement is admissible, regardless of whether Ms. Williams is available to testify or not. Alternatively, the recorded statement also is available under the residual exception of FRE 807.

Here, all three elements are present. Ms. Williams did testify about a matter (the renting of the subject Property from Mr. Moore), that she once knew about. The record was made by Ms. Williams when the matter was fresh in her memory. The statements accurately reflect Ms. Williams' memory when questioned by Justin Perrault of State Farm. And, importantly, Mr. Moore intends to use the statement against State Farm, the party that procured it (". . . may be received as an exhibit only if offered by an adverse party.").

> FRE 803(6) provides that:
>
> Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

See also *Wright v. Farmers Co-Op of Arkansas and Oklahoma*, 681 F.2d 549, 552-553 (8th Cir. 1982)(allowing a recorded statement into evidence

Again, all of the elements of the rule are present. The statement was made by Ms. Williams within 25 days of the fire. State Farm kept the recording (and subsequent written description of the recording) as part of its normal course of business. Recorded statements of witnesses are normal and regular practices of insurers. Mr. Perrault is a named witness as to the recording. And State Farm cannot show, nor has State Farm alleged, that the source of information, Ms. Williams, is untrustworthy.

Finally, even if this Court is inclined to believe that the statement given by Ms. Williams to State Farm, at State Farm's urging and request, is hearsay, FRE 807 provides an exception. Specifically, FRE 807 provides that:

> (a) In General. Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:
> (1) the statement is supported by sufficient guarantees of trustworthiness–after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.
> (b) Notice. The statement is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement– including its substance and the declarant's name–so that the party has a fair opportunity to meet it. The notice must be provided in writing before the trial or hearing–or in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice.

Here, the statement by Ms. Williams is supported by a sufficient guarantee of trustworthiness – it is her statement that she gave over the telephone while being recorded. State Farm does not show the statement is untrustworthy, although State Farm insinuates that when its process server went to Ms. Williams' former residence, they were advised that she was not present. But, State Farm does not allege that Moore caused such an alleged nefarious statement to be made to their process server, just that the

3

statement occurred.[1] But, absent some attribution to Moore, a statement allegedly made to a process server two years after the fire is not the same as a taped recording made by State Farm only 25 days after the fire loss. *See also U.S. v. Moore*, 824 F.3d 620, 622-23 (7th Cir. 2016)(identifying a list of factors for a court to consider, including whether the statement was given voluntarily, the witness's personal knowledge, the existence of corroborating evidence and the reasons for the witness's unavailability).

**Motion in Limine – Number 4 – Preclusion of Celia Moore's "affidavit" from evidence**

Plaintiff has no objection to this Motion in limine.

**Motion in Limine – Number 5 – Policy limits as a measure of damages**

Plaintiff has no objection to this Motion in limine.

Dated this 20th day of January, 2020.

                              **CADE LAW GROUP LLC**

                              By: s/Nathaniel Cade, Jr.
                                  Nathaniel Cade, Jr.
                                  P.O. Box 170887
                                  Milwaukee, WI  53217
                                  (414) 255-3802 (phone)
                                  (414) 255-3804 (fax)
                                  nate@cade-law.com

                                Attorneys for Plaintiff, Crafton Moore

---

[1] Interestingly, the statement by the process server as to being advised that Ms. Williams was not present when he went to have her served, is in of itself, hearsay. The bar on hearsay works both ways, even for State Farm.