UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRAFTON MOORE,

         Plaintiff,

v.

STATE FARM FIRE AND
CASUALTY COMPANY

         Defendant.

Case No.: 18-CV-00539

---

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S PROPOSED SPECIAL VERDICT AND JURY INSTRUCTIONS ON THE CLAIM OF BAD FAITH**

---

Mr. Moore has submitted a proposed special verdict that includes questions on bad faith. He has further submitted jury instructions that instruct the jury on bad faith. This is curious because, from day one of the case, State Farm has taken the position – based on well-settled Wisconsin law – that the bad faith claim should be stayed until resolution of the underlying breach of contract claim. Plaintiff's new position is even more curious because (1) he did not oppose State Farm's Motion to Bifurcate and Stay, and (2) at every stage of these proceedings - including the conference that set this trial - he agreed that the case was proceeding solely on the breach of contract claim. Mr. Moore's late attempt to introduce bad faith into trial is prejudicial to State Farm because it deprives State Farm of (1) the ability to conduct discovery on the bad faith claim, (2) the ability to file a dispositive motion on the bad faith claim, and (3) the ability to name experts to opine on the reasonableness of State Farm's claim handling activities – the very issue that a bad faith jury would determine in his case.

Given this Court's relatively recent involvement, some background is beneficial for the Court's consideration of this issue. Plaintiff filed this lawsuit on March 21, 2018. As this Court is well aware, the case arises out of a fire that occurred at Mr. Moore's home on March 4, 2017. At or before the fire, Mr. Moore was remodeling the home. After the incident, fire investigator Michael Quick opined that the fire was an arson, given the finding of gasoline in the wall cavities of the home. State Farm denied coverage for the claim on three bases: (1) the fire was not an accidental direct physical loss; (2) the fire was caused by Mr. Moore's intentional acts; and (3) Mr. Moore made material misrepresentations to State Farm during the claim disposition.[1] Mr. Moore's original position was that the fire was electrical in nature. Six months into discovery of the breach of contract claim, after taking Mr. Quick's deposition, Mr. Moore abandoned that theory, acknowledged that the fire was arson, but now claims it was caused by another person, specifically former tenant Lillian Grandy.

Mr. Moore's Complaint alleged causes of action for (1) breach of contract and (2) bad faith. (Doc. # 1). On April 11, 2018, State Farm filed its Answer to Plaintiff's Complaint. (Doc. # 7). ***The same day***, State Farm filed a Motion for Bifurcation and Stay of Discovery on Bad Faith Claim. (Doc # 8.) State Farm's motion was based on well-settled Wisconsin law. In *Dahmen v. American Family Mutual Insurance Company*, 2001 WI App. 198, 247 Wis.2d 541, 635 N.W.2d 1, the Wisconsin Court of Appeals held that in cases where both breach of contract and bad faith claims are asserted, the two claims should not be tried together, but rather in phases. There are several reasons why this procedure makes sense. First, the claims are fundamentally different. The breach of contract claim simply focuses on whether the claim is covered by the terms of the insurance policy. The bad faith claim is very different and focuses on the insurer's handling of

---

[1] The exact nature of those misrepresentations are set forth in the brief in support of Motion to Bifurcate and Stay (Docket # 9 at p. 3-4). For brevity sake, State Farm references and incorporates that brief.

that specific claim. For an insured to recover for bad faith, it "must establish **both** (1) a lack of reasonable basis for denial of the claim; and (2) that the insurer knew of or recklessly disregarded the lack of a reasonable basis to deny the claim."

Given these differences the *Dahmen* court relied on three policy considerations that support the bifurcation and stay procedure:

1. **Discovery protections.** If the causes were tried together, the scope of bad faith discovery is more expansive than breach of contract, and certain work product that is protected in the breach of contract claim (claim file, settlement reserves, etc.) may be discoverable in the bad faith claim. *Id.* at ¶ 13.
2. **Risk of jury confusion.** Given the different causes of action, the different standards for recovery, and the different burdens of proof for the claims, "even the best-intentioned and properly instructed jury might not maintain the discipline to discern between the two claims." *Id.* at ¶ 17.
3. **Judicial Economy.** Breach of contract is a pre-requisite to bad faith. Thus, if the insurer prevails on the breach of contract claim, then there is no need to conduct further discovery or litigation of the bad faith claim. *Id.* at ¶ 19.

In a case decided several years after Dahmen, the Wisconsin Supreme Court referred to the bifurcation and stay procedure as "required" in cases where breach of contract and bad faith were claimed in the same lawsuit. *Brethorst v. Allstate Property and Casualty Co.,* 2011 WI 41, ¶ 75, 335 Wis.2d 23, 798 N.W.2d 467. Other federal courts have followed the same procedure. *Ratajczak v. Beazley Solutions Ltd.,* 2014 WL 3057158 (E.D. Wis. July 7, 2014); *Poznanski v. Pennsylvania Life Ins. Co.,* 2011 WL 2634406 (E.D. Wis. July 5, 2011).

When State Farm filed its motion, it specifically noted the practical differences between the two claims that call for the parties to proceed to trial on breach of contract first, and then proceed (if needed) to litigation (including discovery) of the bad faith claim:

> [B]ifurcation will surely promote judicial economy. If [sic] Moore does not prevail on the breach of contract claim, there is no need for discovery or litigation on the bad faith claim. The breach of contract claim relates to a simple inquiry – did Moore cause the fire or make misrepresentations during State Farm's investigation? ***Discovery on those claims will be short, and a trial will last no more than two days. By contrast, the bad faith claim will require expert testimony (and expert discovery) and will likely take significantly longer to reach trial and resolve. Before this Court and the parties expend the time and resources necessary to litigate the bad faith claim, they should follow the preferred***

> *approach and first determine whether there has been a breach of the State Farm Policy before engaging in discovery on a claim that may or may not even be viable at the end of the day.*

(Doc. #9 at p. 9). (emphasis supplied)

Plaintiff did not oppose State Farm's Motion to Bifurcate and Stay, and in fact consented to an order granting the motion. On May 2, 2018, Judge Jones granted State Farm's motion:

> The Court GRANTS State Farm Fire and Casualty Company's Motion for Bifurcation and Stay of Discovery on Bad Faith Claim. ECF No. 8. Plaintiff does not oppose the motions. The Court will bifurcate the bad faith claim from the underlying breach of contract claim and **stay discovery on the bad faith claim** until the underlying breach of contract claim is determined.

(*Id.*)(Emphasis added).

Two days later, the parties submitted a Rule 26(f) Joint Discovery Plan. Per Judge Jones' May 2, 2018 Order - **and per agreement of counsel** - the proposed discovery plan only related to the breach of contract claim. (Doc. #15, ¶ 3(a)). The deadlines proposed for scheduling also related only to the breach of contract claim. (Doc. #15, ¶ 3(b)). On June 24, 2019, Judge Jones set this case for trial beginning February 3, 2020. The Minute Sheet setting forth that Order notes that State Farm's counsel specifically clarified that the case was proceeding only on the breach of contract claim. (Doc. # 42). The case was therefore set for a three-day trial, consistent with the timing previously proposed in State Farm's motion.

As soon as it saw Plaintiff's pretrial filings, State Farm's counsel attempted to address the issue with Mr. Moore's counsel. It sought some explanation of this new-found position given the admissions and joint filings made throughout the case. Plaintiff's counsel indicated that he did not "need" discovery on his bad faith claim, was not intending to call an expert, and saw this as an issue similar to a "death penalty case."

This is in no way similar to a "death penalty case[2]." The causes of action asserted by Plaintiff are very different, dealing with different inquiries, different evidence, and different burdens. If this was truly Plaintiff's counsel's position, he had numerous opportunities to make that position clear, particularly given the contrary argument set forth in State Farm's brief seeking bifurcation and stay. He did not, remained silent, and now essentially seeks a bad faith trial by ambush. That result would be patently unfair to State Farm. State Farm has not conducted any discovery (including Plaintiff's deposition) with regard to the bad faith claim. It has not named any witness on bad faith who could opine that State Farm's claim handling and denial was reasonable, and that there is no evidence of the "reckless disregard" required to find bad faith. State Farm has forgone any opportunity to file a dispositive motion on the bad faith claims until after disposition of the breach of contract claim. This is particularly important in this case, where Plaintiff has (during the course of this litigation) changed his position that the fire was "electrical" in nature, and now concedes that it was arson. That concession, in and of itself, arguably is enough to give State Farm the reasonable basis for denial that would subject Plaintiff's bad faith claims to summary judgment.

The first thing State Farm did after answering the Complaint was request bifurcation of the two causes of action and a stay of discovery on the bad faith claim until resolution of the breach of contract claim. Plaintiff did not oppose that motion or in any manner quarrel with State Farm's request until now - two weeks before trial. The trial was set for three days (it likely can be concluded in two) based on the assumption that the trial would only relate to breach of contract. It is patently unfair to State Farm to now change that procedure and force it to go to trial – without discovery, experts, and the potential for dispositive motion – on the bad faith claim. State Farm

---

[2] *See Waters ex rel. Skow v. Pertzborn,* 2001 WI 62, ¶ 17, 243 Wis. 2d 703, 715, 627 N.W.2d 497, 502–03 (holding that while distinct claims may be tried separately, distinct issues that form a single claim may not).

therefore respectfully requests that this Court order that the trial proceed only on Plaintiff's breach of contract claim, as contemplated by the Court and the parties throughout this case.

## CONCLUSION

For all of the foregoing reasons, State Farm requests an Order granting State Farm's request to categorically exclude the claim of bad faith from any aspect of the February 2020 Trial.

Dated this 20th day of January 2020.

MEISSNER TIERNEY FISHER & NICHOLS S.C.

**Mailing Address**:
111 E. Kilbourn Ave., 19th Fl.
Milwaukee, WI 53202
Phone: 414-273-1300
Fax: 414-273-5840

s/Mark D. Malloy
Mark D. Malloy
State Bar No: 1035066
mdm@mtfn.com
April K. Toy
State Bar No: 1068416
akt@mtfn.com
**Attorneys for Defendant,
State Farm Fire and Casualty Company**