THE MILWAUKEE CENTER  
111 EAST KILBOURN AVENUE, 19TH FLOOR  
MILWAUKEE, WI 53202-6622  

MTFN.COM  
MAIN 414.273.1300  
FAX 414.273.5840  



MARK D. MALLOY  
ATTORNEY AT LAW  
Mdm@mtfn.com  

January 23, 2020

**VIA ECF**
Honorable Nancy Joseph
United States Courthouse, Room 253
517 East Wisconsin Avenue
Milwaukee, WI 53202

      Re:    Crafton Moore v. State Farm Fire and Casualty Company
                *Eastern District of Wisconsin Case No 18-CV-00539*

Dear Judge Joseph:

      I represent State Farm in this case. I am writing to set forth an additional objection to the witness list provided in Plaintiff's pretrial report. We previously objected to Plaintiff's identification of Camille Cook, Kiwanna Glass, and Charrish Winfory in the report for the reasons stated in our prior filing. Plaintiff has also identified Celia Moore as a witness in this case. It is noted that Ms. Moore "will testify about seeing her brother at home at the time of the fire, having just returned from the bar."

      Ms. Moore has never been identified as a witness in this case. She does not appear on Plaintiff's May 23, 2018 Rule 26 Initial Disclosures. (Doc. No. 18). In addition, Plaintiff responded to State Farm's relevant interrogatory as follows:

> **Interrogatory No. 8:** Identify all witnesses, persons, communications, and/or documentation that may testify and/or illustrate your whereabouts on the night of the Incident.
>
> **Answer: To the best of my recollection, I was working on the Property until approximately 9:00 p.m. - 9:15 pm. I went home to shower and change and then went out to meet up with my friend, Dewitt Barksdale, at Mr. J's Lounge, 4610 W. Fond du Lac Avenue in Milwaukee from approximately 10:30 pm until around 2:30 am. After we left Mr. J's, we most likely grabbed something to eat before heading back home.**

*See Discovery Responses Attached as Ex. A to Malloy Affidavit at p. 8.*

      State Farm objects to Plaintiff's designation of Ms. Moore at this late date. State Farm served discovery directly related to the issue on which she is called. Had she been identified, State Farm would have had the opportunity to take her deposition. State Farm is thus prejudiced by Plaintiff's late disclosure, and thus respectfully request that she not be allowed to testify at trial. Alternatively, and as requested for

Ms. Cook, Ms. Glass, Ms. Winfory, and Ms. Williams, State Farm respectfully requests that it be allowed to take discovery depositions of the witnesses before trial.

                        Very truly yours,

                        Mark D. Malloy

cc:    Nathaniel Cade , Jr. (via ECF)