UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CRAFTON MOORE

    Plaintiff,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant.

Case No.: 18-CV-00539

**PLAINTIFF CRAFTON MOORE'S RESPONSE TO DEFENDANT
STATE FARM FIRE AND CASUALTY COMPANY'S FIRST SET OF
REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR
PRODUCTION OF DOCUMENTS**

To:    Defendant State Farm Fire and Casualty Company
       c/o Mark D. Malloy, Esq. and Joshua J. Bryant, Esq.
       Meissner Tierney Fisher & Nichols, S.C.
       111 E. Kilbourn Avenue – 19th Floor
       Milwaukee, WI 53202-6622

Plaintiff Crafton Moore (hereinafter, "Plaintiff"), by and through his attorneys, Cade Law Group LLC, hereby responds to Defendant's First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents as follows:

**GENERAL OBJECTIONS**

The following General Objections shall be deemed applicable and are hereby incorporated into each interrogatory and/or document response set forth below even though not specifically referred to in each response, and are not waived or limited in any way, by the specific responses.

    1.    Plaintiff objects to these Interrogatories and/or Request to Produce to the extent they seek information subject to the attorney-client privilege, the work product

doctrine, and/or any other applicable privilege or exemption from discovery. Any inadvertent disclosure of any such privileged information shall not constitute a waiver of any privilege or protection applicable hereto or to any related information or documents.

2. Plaintiff objects to these Interrogatories and/or Requests to Produce to the extent that they purport to impose upon Defendants a duty to search for and/or provide information that is not within its possession, custody, or control.

3. Plaintiff objects to these Interrogatories and/or Requests to Produce to the extent that they call for or rely upon a legal conclusion.

4. Plaintiff objects to the "Definitions" in the Interrogatories and/or Requests to Produce to the extent that they define words inconsistently with the common usage of these words.

5. Plaintiff reserves all objections as to the competency, relevance, materiality, and admissibility of information provided or referenced in response to the Interrogatories, or to the subject matter thereof; and as to the use of any information disclosed, of the subject matter thereof, in this or any subsequent proceeding, including but not limited to, at the trial in this case.

## RESPONSE TO REQUEST TO ADMIT

**Request for Admission No. 1:** Admit that attached as Exhibit A is a true and correct copy of all Documents you submitted to State Farm in support of Your claim for insurance benefits arising out of the Incident.

**Response:** Deny.

## RESPONSE TO INTERROGATORIES

**Interrogatory No. 1:** Identify all facts, Documents, or Communications upon which you rely as a basis for any denial, in whole or in part, of Request for Admission No. 1.

**Answer:** I believe that Exhibit A generally represents the documents I submitted to State Farm Fire & Casualty Company in support of my claim for benefits in connection with this subject loss. However, since the documents, as provided, were not marked or numbered so that they could be later identified and because I did not count the number of pages of documents being submitted, I cannot state with certainty that Exhibit A represents *all* of the documents I previously submitted.

**Interrogatory No. 2:** Identify all real property that you have owned, even in part, from 2010 thru the present day.

**Answer:** Since 2010, I have owned or currently own the following properties:
- 5048 North 32nd Street, Milwaukee, WI
- 8493 North 107th Street, Milwaukee, WI
- 3543 North 13th Street, Milwaukee, WI
- 2423 North 37th Street, Milwaukee, WI
- 5764 North 43rd Street, Milwaukee, WI
- 4678 North Parkway Ave., Milwaukee, WI
- 3949 North 24th Street, Milwaukee, WI
- 3723 North 37th Street, Milwaukee, WI
- 3954 North 24th Place, Milwaukee, WI

**Interrogatory No. 3:** Identify each and every bank account you maintained between 2013 and the present.

**Answer:** Objection. This interrogatory is being used to harass or oppress Plaintiff, as the requested information was previously provided to State Farm Fire & Casualty Company as part of its investigation of my claim for benefits in connection with this subject loss. Subject to the objection, but without waiving the same, Seaway Bank and Trust Company n/k/a Seaway, A Division of Self-Help Federal Credit Union (small business checking account), Wells Fargo (personal checking account) and U.S. Bank (personal checking account). When I worked at Briggs & Stratton, I was required to have direct deposit with Bank America (personal checking account).

**Interrogatory No. 4:** Identify each source of income you possessed from 2013 to the present and identify your total gross income for each year.

**Answer:** In 2013, I had two rental properties; in 2014, I had three additional rental properties; and, in 2015, I had six additional rental properties. In 2013, I went through training through Northcott Neighborhood House for carpentry work. In 2014, I was and am currently employed at Home at Heart Healthcare, LLC as a resident aide. From August 2017 through February 2018, I worked assembly at Briggs & Stratton. From April 2018 to present, I also work at Pro-Family Home Care, LLC as a resident aide.

**Interrogatory No. 5:** Identify any witnesses, information, and/or documents that may support and/or may provide a basis for your gross income amounts identified in Interrogatory No. 3.

**Answer:** Objection. This interrogatory seeks private information not likely to lead to relevant or admissible information and is being used to harass or oppress Plaintiff. Subject to the objection, but without waiving the same, please defer to the tax records previously provided to State Farm Fire & Casualty Company. Please also see form 4506 for State Farm to obtain a copy of my tax returns.

**Interrogatory No. 6:** Identify each and every person or entity that performed work on the Property. For each person/entity include:

    a) The name, address, and phone number of the person/entity

    b) The nature of the work performed;

    c) The dates of the work;

    d) The amount you paid.

**Answer:** Objection. This interrogatory is vague and indefinite, and fails to specify a time limitation as to persons performing work. Subject to the objection, but without waiving the same, the requested information was previously provided to State Farm Fire & Casualty Company as part of its investigation of my claim for benefits in connection with this subject loss. *See also* Response to Interrogatory No. 7.

**Interrogatory No. 7:** Identify each and every person or entity who performed work on the Property between March 1, 2017 and March 4, 2017.

**Answer:** My brother, Samuel Moore, along with my friends, Norman Barksdale and Alando Herd, and another guy named Lorenzo (last name unknown) all helped me paint the interior of the Property between March 1, 2017 and March 4, 2017.

4

Case 2:18-cv-00539-NJ   Filed 01/23/20   Page 4 of 8   Document 70-1   EXHIBIT A

**Interrogatory No. 8:** Identify all witnesses, persons, communications, and/or documentation that may testify and/or illustrate your whereabouts on the night of the Incident.

**Answer:** To the best of my recollection, I was working on the Property until approximately 9:00 p.m. - 9:15 pm. I went home to shower and change and then went out to meet up with my friend, Dewitt Barksdale, at Mr. J's Lounge, 4610 W. Fond du Lac Avenue in Milwaukee from approximately 10:30 pm until around 2:30 am. After we left Mr. J's, we most likely grabbed something to eat before heading back home.

**Interrogatory No. 9:** Identify each cell phone number and cell phone carrier You maintained from 2016 through the present.

**Answer:** My cell phone number is (414) 344-8571 and the carrier is Boost.

**Interrogatory No. 10:** Provide a complete itemization for any and all damages You are claiming in this lawsuit.

**Answer:** The current assessed value of the Property, plus all of my legal fees for State Farm's failure to pay the claim.

### RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**Document Request No. 1:** Produce a copy of all Documents identified, referred to, or relied upon by You in Your answers to the above Interrogatories.

**Response:** Objection. This Request is vague, indefinite, and overly broad. Subject to the objection, but without waiving the same, see the documents in Exhibit A that State Farm identified. *See also* the enclosed Form 4506, enclosed employment authorization, mobile phone authorization and rental agreements.

**Document Request No. 2:** Produce any Documents upon which you rely as a basis for any denial, in whole or in part, of Request for Admission No. 1.

**Response:** No such documents. Self-explanatory.

**Document Request No. 3:** Produce copies of all tax returns you have filed in the

last five years.

**Response: The requested information was previously provided to State Farm Fire & Casualty Company as part of its investigation. Subject to the objection, but without waiving the same, see attached Request for Copy of Tax Return – Form 4506.**

**Document Request No. 4:** Produce a copy of each lease agreement you entered into with any tenant for a property that You own from 2013 through the present.

**Response: I do not possess every single rental lease agreement. To the extent I still possess any such agreement,** *See* **attached redacted copies of some of the previous Rental Agreements for my various rental properties.**

**Document Request No. 5:** Produce a copy of any and all Documents related to construction/repairs at the property, including but not limited to any Correspondence with contractors, inspectors, or laborers.

**Response: The requested information was previously provided to State Farm Fire & Casualty Company as part of its investigation (see the documents contained with State Farm's Exhibit A).**

**Document Request No. 6:** Produce a copy of any and all documents and correspondence that support your asserted gross income from or 2013 to the present.

**Response: See response Document Request No. 3.**

**Document Request No. 7:** Produce a copy of any and all Communications, including emails and their attachments, to or from You and any Person related in any way to allegations in the Complaint.

**Response: Objection. This Request calls for information and documentation that is protected by the attorney-client privilege and/or the work-product doctrine. Subject to objection, but without waiving the same, the requested information was previously provided to State Farm Fire & Casualty Company as part of its investigation of my claim for benefits in connection with this subject loss (see the documents contained with State Farm's Exhibit A).**

**Document Request No. 8:** Produce a copy of any and all Communications and Documents, including emails and their attachments, to or from You and State Farm

related in any way to allegations in the Complaint or the Property.

**Response: Objection. This Request calls for information and documentation that is protected by the attorney-client privilege and/or the work-product doctrine. Subject to objection, but without waiving the same, the requested information was previously provided to State Farm Fire & Casualty Company as part of its investigation of my claim for benefits in connection with this subject loss (see the documents contained with State Farm's Exhibit A).**

**Document Request No. 9:** Produce a copy of all Documents which You claim support your claim for damages in this case.

**Response: The requested information was previously provided to State Farm Fire & Casualty Company as part of its investigation of my claim for benefits in connection with this subject loss (see the documents contained with State Farm's Exhibit A). *See also* the subject insurance policy.**

**Document Request No. 10:** Produce all pictures of photographs of the Property.

**Response: Objection. This Request is vague as it fails to identify a timeframe, is indefinite, and overly broad. Subject to the objection, but without waiving the same, the requested information was previously provided to State Farm Fire & Casualty Company as part of its investigation of my claim for benefits in connection with this subject loss (see the documents contained with State Farm's Exhibit A)**

**Document Request No. 11:** Produce a fully-executed version of the attached Authorization for Release of Employment Records.

**Response:** ***See* attached Employment Authorizations directed to Northcott Neighborhood House, Briggs & Stratton, Home at Heart Homecare, LLC, and Pro-Family Home Care, LLC.**

**Document Request No. 12:** Produce a fully-executed version of the attached Provider Authorization.

**Response:** ***See* attached Provider Authorization directed to Boost.**

**AS TO INTERROGATORY ANSWERS:**

Dated this 26 day of July, 2018.

_____
Crafton Moore

Subscribed and sworn before me this
26TH day of July, 2018.

_____
Notary Public, _____ County, Wisconsin
My Commission Expires: 9/18/2018

Dated this 25th day of July, 2018.

CADE LAW GROUP LLC

By: _____
Nathaniel Cade, Jr., SBN 1028115
P.O. Box 170887
Milwaukee, WI 53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com

Attorneys for Plaintiff Crafton Moore