# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CRAFTON MOORE,**

    Plaintiff,

  v.                                                          Case No. 18-CV-539

**STATE FARM FIRE AND CASUALTY COMPANY,**

    Defendant.

## DECISION AND ORDER ON PLAINTIFF'S EXPEDITED NON-DISPOSITIVE MOTION TO STRIKE A PORTION OF DEFENSE EXPERT MICHAEL QUICK'S VIDEO TESTIMONY

Crafton Moore sues State Farm for breach of an insurance contract. The case is scheduled for jury trial commencing on March 16, 2020. Before me now is Moore's motion to strike portions of the videotaped testimony of State Farm's expert witness Michael Quick. (Docket # 72.) For the reasons explained below, I will deny the motion.

## BACKGROUND

Moore had an insurance policy providing coverage for a residence located at 3543 N. 13th Street in Milwaukee, Wisconsin. A fire occurred at the property on March 4, 2017, causing extensive damage. Moore submitted an insurance claim to State Farm. State Farm denied the claim on the grounds that the fire was not accidental, and that Moore concealed or misrepresented material facts or circumstances related to the loss. (Ex. 4 to Compl., Docket # 1-1.)

State Farm retained fire origin and cause expert Michael Quick. Quick authored an expert report dated April 17, 2017 in which he opined that the fire was incendiary;

specifically, the fire resulted after gasoline poured inside the walls from the second floor space ignited. (Declaration of Nathaniel Cade ("Cade Decl."), ¶ 4, Ex. 1, Expert Report of Michael Quick ("Quick Expert Report"), Docket # 73-1.) Quick's discovery deposition was taken on February 26, 2019 (Discovery Deposition of Michael Quick ("Quick Discovery Dep.") Cade Decl., ¶ 6, Ex. 3, Docket # 73-3)) and Quick's videotaped trial deposition was taken on January 23, 2020 (Trial Deposition of Michael Quick ("Quick Trial Dep."), Cade Decl., ¶ 5, Ex. 2, Docket # 73-2)).

Moore moves to strike portions of Quick's videotaped testimony. (Docket # 72.) Specifically, Moore argues that during Quick's trial deposition, he expressed two additional opinions that were not included in his original expert report. (*Id.* at 1.) Moore argues the two new opinions relate to: (1) the speed of the fire; and (2) the fact that someone intentionally set the fire to make it look like an electrical fire. (*Id.*) Moore argues that these new opinions must be stricken as a sanction for State Farm's failure to previously disclose them. (*Id.* at 2–3.) State Farm contends that the opinions are not new, but were contained in Quick's original expert report and expounded upon during his discovery deposition. (Docket # 77.)

## ANALYSIS

An expert witness must provide a report that contains a complete statement of all opinions the witness will express and the basis and reasons for the opinions. Fed. R. Civ. P. 26(a)(2)(B)(i). A party is not allowed to use information that it failed to provide as required by Rule 26(a) unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). The purpose of an expert report is not "to replicate every word that the expert might say on the stand. It is instead to convey the substance of the expert's opinion (along

with the other background information required by Rule 26(a)(2)(B)) so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary." *Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir. 2009).

Moore moves to strike two of Quick's opinions given during his trial deposition. First, he seeks to strike Quick's opinion that the fire was not set just prior to its discovery at 5:30 a.m. on March 4, 2017. (Quick Trial Dep. at 56.) Quick opined that the fire likely burned for several hours prior to its discovery. (*Id.* at 118–21.) Quick testified that his opinion as to the timing of the fire was influenced by the fact the fire department was "chasing the fire" when they arrived. (*Id.* at 57–59.) Quick explained that "chasing the fire" means that the fire fighters were having difficulty finding the seat of the fire because it was concealed within the walls. (*Id.* at 59.) Quick testified that if the fire had been a very short duration fire, the fire department would have been able to extinguish it very rapidly, but they could not because the fire was contained in concealed spaces. (*Id.*)

I find that Quick's opinion regarding the timing of when the fire was set is not a "new" opinion, but a continuation of the line of questioning Moore's counsel raised during Quick's discovery deposition. During his discovery deposition, Quick was questioned about the fire department's report that the fire smoldered in the wall near the front window and behind the kitchen wall. (Quick Discover Dep. at 45.) Counsel asked, "So with regards to this fire smoldering, is there any way to determine how long it was smoldering if it was in fact set intentionally?" (*Id.*) Quick responded that he disagreed with the conclusion that the fire was smoldering. (*Id.*) Counsel did not return to the question of "how long" the fire was burning before it was discovered, but elicited Quick's explanation as to why he did not believe the fire was smoldering. (*Id.* at 57.) Quick also testified as to the fact the fire

3

department was "chasing the fire" when they arrived and explained that perhaps the fire they referred to as "smoldering" was simply the "last fire that they extinguished because they were pursuing the other fire and didn't realize there was a fire in the wall. At that point it's no longer a smoldering fire. It's just the fire they finally got to." (*Id.*)

Furthermore, the purpose of Rule 26(a) disclosures is to permit counsel to prepare intelligently for trial. *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010). During Quick's trial deposition, Moore was able to cross-examine Quick regarding his inability to pinpoint the exact time in which the fire was set. Through cross-examination, Moore established that while Quick opined that the fire was not set just prior to its discovery at 5:30 a.m. and believed that the fire likely burned for several hours; he could not say whether the fire was burning for two hours, five hours, etc. (Quick Trial Dep. at 118–21.)

For these reasons, Moore's motion to strike Quick's expert opinion as to the "timing" of the fire is denied.

Second, Moore seeks to strike Quick's opinion that the fire was intentionally lit and calculated to look like an electrical fire. Quick testified during his trial deposition as follows:

> In my experience, it appears to be a calculated fire. Somebody would have had to—if you are looking to make it look like it's an electrical fire, you would have to know that there was recent electrical work, you would have to know that you could get into the wall space from the second floor attic. The average person walking in there wouldn't know that that space existed.

(*Id.* at 55.) This opinion is not new. Rather, it was both covered in Quick's expert report and thoroughly explored by Moore's counsel during Quick's discovery deposition. In Quick's expert report, he states that Moore reported that he had recently made some repairs on the property and used Hawkins Electric to complete the work. (Quick Expert Report at 2.) Moore stated that he changed the locks after the last tenant moved out so he had the only

4

set of keys to the property. (*Id.*) There was no vandalism issues found at the house. (Quick Discovery Dep. at 28.) Quick explained in his report that electrical engineer Derek Starr investigated the scene and determined that the damage was inconsistent with an electrical fire. (Quick Expert Report at 6–7.) Based on this information, Quick ultimately concluded that the fire was incendiary, resulting from the ignition of gasoline poured inside the walls from the second-floor space. (*Id.* at 8.) This is consistent with his trial deposition opinion that the fire appears to be calculated.

Additionally, Quick was questioned at length during his discovery deposition regarding the initial suspicion that the fire was electrical, Starr's analysis, Quick's ultimate conclusion that the fire was incendiary, and other potential suspects who could have set the fire. (Quick Discovery Dep. at 40–42, 52–53, 60–75.) This testimony is also consistent with his trial deposition.

For these reasons, I will not strike Quick's expert opinion that the fire was deliberately set and made to look like an electrical fire.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to strike portions of Michael Quick's Videotaped Trial Deposition (Docket # 72) is **DENIED**.

Dated at Milwaukee, Wisconsin this 26th day of February, 2020.

BY THE COURT

*s/Nancy Joseph*_____
NANCY JOSEPH
United States Magistrate Judge