# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CRAFTON MOORE,

    Plaintiff,

v.                                         Case No. 18-CV-539

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO MODIFY VERDICT[1]

      Crafton Moore had an insurance policy with State Farm providing coverage for a residence located at 3543 N. 13th Street in Milwaukee, Wisconsin. A fire occurred at the property on March 4, 2017, causing extensive damage. Moore submitted an insurance claim to State Farm, who denied the claim on the grounds that the fire was not accidental and that Moore concealed or misrepresented material facts or circumstances related to the loss. Moore subsequently sued State Farm for breach of the insurance contract and for bad faith in adjusting the claim.

      The breach of contract case was tried to a jury from November 15-17, 2021. (Docket # 93.) The jury found that State Farm breached the insurance contract and awarded Moore $28,887.00 in lost rents and $134,233.00 in property damage. (Docket # 97.) State Farm now moves pursuant to Fed. R. Civ. P. 50(b) and Wis. Stat. § 805.14 to reduce the jury's

---

[1] After trial, plaintiff's counsel filed a letter with the Court regarding seeking to add interest and costs to the judgment. (Docket # 98.) State Farm filed a brief in opposition (Docket # 104) and Moore responded, stating that the issue is not yet ripe (Docket # 110). While I appreciate State Farm's desire to have a determination on this issue so that State Farm can "properly pay the amount due under the breach of contract claim," (Docket # 104 at 2), because this case has been bifurcated, no judgment will be entered until the completion of the case. I cannot calculate interest running to the date of judgment when no judgment has yet been entered. Thus, I will not address this issue at this time.

damage award for lost rents to $0 on the grounds that the jury's award lacks any credible evidentiary support. Alternatively, State Farm now raises an insurance policy provision capping the damages for lost rent to twelve months from the date of loss and requests the Court enforce this provision. (Docket # 102.) For the reasons stated below, State Farm's motion is denied and the jury's verdict stands.

1. *Initial Procedural Issue*

As an initial matter, while State Farm brings this motion pursuant to Fed. R. Civ. P. 50(b) and Wis. Stat. § 805.14, the motion is improper as to its request for alternative relief. Again, State Farm argues that (1) the jury's award of lost rents should be reduced to $0 because the award is unsupported by the evidence, or alternatively, that (2) the jury's award of lost rents is capped at twelve months from the date of loss pursuant to the insurance policy. As to the first issue, during trial, State Farm moved for a directed verdict pursuant to Fed. R. Civ. P. 50(a), which the Court denied. (Docket # 93.) Rule 50(b) provides that a party may renew its motion for judgment as a matter of law within 28 days after the jury is discharged. Fed. R. Civ. P. 50(b). In cases where the Court sits in diversity, the forum state's law regarding post-verdict challenges is applied. *Deputy v. Lehman Bros.*, 374 F. Supp. 2d 695, 700 (E.D. Wis. 2005). State Farm now challenges the jury's verdict pursuant to Wis. Stat. § 805.14(1), which challenges the sufficiency of the evidence as a matter of law to support a verdict. Thus, to the extent State Farm argues that the jury's award of lost rents is unsupported by the verdict, it properly raises this issue in a Rule 50(b) motion.

However, under Rule 50(b), I can only set aside a jury verdict if there is a legally insufficient *evidentiary* basis for the verdict. State Farm's request that I now cap any potential lost rent damages to twelve months based on a provision in the insurance policy does not

challenge the sufficiency of the evidence but attempts to raise a legal issue unrelated to the evidence. While the State Farm policy itself was in evidence, State Farm never raised the issue that coverage for loss of rent was capped at twelve months and thus the jury was never instructed as such. "A defendant cannot use motions after verdict to assert a new defense that he or she regrets foregoing at trial." *Reuben v. Koppen*, 2010 WI App 63, ¶ 28, 324 Wis. 2d 758, 778, 784 N.W.2d 703, 713. It is wholly improper for State Farm to now inject this legal issue into the case after failing to argue or pursue it either before or during trial. For this reason, I will not limit the jury's verdict temporally based on the asserted policy provision.

    2.    *Sufficiency of the Evidence to Support Lost Rent Award*

State Farm also requests the jury's award of lost rents be reduced to $0 based on the evidence adduced at trial. State Farm's representative, John Perrault, testified that he was the primary person handling Moore's claim. (Affidavit of Mark D. Malloy ("Malloy Decl.") ¶ 3, Ex. A, Transcript of Nov. 16, 2021 Jury Trial ("JT Tr.") at 6, Docket # 103-1.) Perrault testified that Moore presented State Farm with a lease agreement showing Jennifer Williams was set to rent the property at the time of the fire for $900.00 per month. (*Id.* at 15, 20.) State Farm initially calculated Moore's lost rent as $7,113.00, representing prorated rental income from the date of loss (March 4, 2017) until the estimated date of repair, October 31, 2017, at $900.00 per month. (*Id.* at 93–94; Malloy Decl. ¶ 4, Ex. B, Trial Exhibit 13, Summary of Loss, Docket # 103-2.)

Perrault testified that State Farm paid Moore $7,113.00. (JT Tr. 93–94.) Perrault also testified that he agreed if the jury found that Moore did not cause the fire, then Moore was entitled to lost rent after October 31, 2017. (*Id.* at 95.) During closing arguments, plaintiff's

3

Case 2:18-cv-00539-NJ   Filed 01/27/22   Page 3 of 6   Document 116

counsel argued Moore was due at least four and a half years of lost rent, representing the date of loss until the time of trial. (Pl.'s Br. in Opp. at 5, Docket # 109.) Counsel further argued that the amount of rent likely would only go up over those years. The jury was instructed that: "Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork." (Docket # 95 at 27.)

State Farm argues that the only evidence of lost rent adduced at trial was Moore's testimony that he had a one year lease with Williams at the time of the fire for $900.00 per month and State Farm's "Summary of Loss" calculation of lost rent in the amount of $7,113.00 from the date of loss through October 31, 2017. (Def.'s Reply Br. at 4, Docket # 113.) State Farm argues that the amount of $28,887.00 "is not divisible nor has any obvious connection" to any of the numbers presented at trial. (*Id.*) Moore argues, however, that the jury's finding that State Farm breached the insurance contract coupled with Perrault's testimony that if the jury agreed Moore did not start the fire that he was entitled to lost rent beyond October 31, 2017, supports the jury's damage award for lost rent. (Pl.'s Br. in Opp. at 7.)

I agree that it is not entirely clear how the jury mathematically arrived at $28,887.00. But again, damages for breach of contract need not be ascertainable with absolute exactness or mathematical precision. *Brogan v. Indus. Cas. Ins. Co.*, 132 Wis. 2d 229, 240, 392 N.W.2d 439, 444 (Ct. App. 1986). "The evidence is sufficient if it enables the fact-finder to make a fair and reasonable approximation." *Id.* Furthermore, in considering a motion to change the jury's answers to the questions on the verdict, the court must view the evidence in the light most favorable to the verdict and affirm the verdict if it is supported by any credible

4

evidence. *Richards v. Mendivil*, 200 Wis. 2d 665, 671, 548 N.W.2d 85, 88 (Ct. App. 1996). Moore testified that he had a lease with Williams starting at the time of the fire for one year at $900.00 per month. Moore also testified that the rental property was never repaired and thus Moore was unable to rent the property again. Moore argued that he is entitled to lost rents from the time of the loss through the time of trial—approximately four and a half years. This amount, at $900.00 per month, would be $48,600.00 ($900.00 x 54 months). The jury clearly determined that Moore did not cause the fire. (Docket # 97.) Perhaps, however, the jury did not accept Moore's argument that he was due 54 months of rent and instead awarded a lower amount of approximately 32 months of rent. ($28,887.00 ÷ $900.00 = approx. 32). But given the limitations into probing into the jury's verdict, we will never know. However, given Moore's testimony that he was renting the property for $900.00 per month, the evidence that the property was never repaired, and the instruction that the award need not be mathematically exact, the jury's award of $28,887.00 is a "fair and reasonable approximation" of Moore's lost rent damages. Again, the jury's verdict must stand if there is *any* credible evidence supporting it. The evidence adduced at trial supports the jury's damages award. For these reasons, State Farm's motion to modify the jury's verdict is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendant's motion to change an answer is the verdict (Docket # 102) is **DENIED**.

Dated at Milwaukee, Wisconsin this 27th day of January, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge